IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NORTH CENTRAL STATES REGIONAL COUNCIL
OF CARPENTERS DEFINED BENEFIT PENSION
FUND, JERRY SHEA, and
NORTH CENTRAL STATES REGIONAL COUNCIL
OF CARPENTERS,

                Plaintiffs,

  v.

CHAMPION STEEL, INC. and MIKE CLARK,

                Defendants.

ORDER

16-cv-307-jdp

---

A pension fund, a trustee of the fund, and a labor union brought this action asserting claims under the Employee Retirement Income Security Act, the Labor Management Relations Act, and Wisconsin law. Defendants Champion Steel, Inc. and Mike Clark failed to respond to plaintiffs' complaint. The clerk of court entered default as to both Champion Steel and Clark. Dkt. 23 and Dkt. 24.

Plaintiffs now move for default judgment. Dkt. 11 and Dkt. 17. The court will deny plaintiffs' motions for default judgment because they have failed to show that they are entitled to the amount of damages they claim.

Whether to enter default judgment is a matter committed to the court's discretion. *See Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014). Entry of default generally means that the well-pleaded allegations relating to liability are taken as true, but plaintiffs must still prove their damages. *See Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012); 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2688.1 (4th ed. 2009) ("The fact that a default is entered does not automatically result in plaintiff recovering what was demanded in

the complaint. If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). And a district court can and should deny motions for default judgment when litigants fail to provide evidence for their damages. *See Wis. Sheet Metal Workers Health & Benefit Fund v. CJ Contracting, LLC*, No. 13-cv-991, 2013 WL 5936344, at *3 (E.D. Wis. Nov. 5, 2013).

Here, plaintiffs have failed to prove that they are entitled to the amount of damages they demand. Plaintiffs filed their first affidavits in support of their damages back in September 2016, Dkt. 14 and Dkt. 20, but the damages figures in those affidavits were apparently wrong, as plaintiffs filed a second round of affidavits with new figures, Dkt. 25 and Dkt. 27. The court reviewed the new affidavits and determined that the damages figures listed in the affidavits did not add up to plaintiffs' total amount of damages. Nor did the accompanying exhibits support the damages claimed in the affidavits. During the default hearing, the court asked plaintiffs' counsel about these discrepancies. Counsel admitted that the numbers in the affidavits were incorrect and represented to the court that plaintiffs would file new affidavits. Plaintiffs have filed a third round of affidavits with exhibits, but yet again, the damages figures listed in the affidavits seem incorrect. The accompanying exhibits that purport to provide calculations of the damages do not add up to the numbers listed in the affidavits. And the affidavits loosely cite to "Exhibit B" without indicating where in Exhibit B the evidence for the claimed damages appear.

The court will allow plaintiffs to file a fourth round of affidavits, but they should provide a breakdown of their calculations and pin citations to the exact pages that support the requested damages. For example, plaintiffs claim that the amount of unpaid contributions, interest, and liquidated damages owed by Champion Steel for the period

October 1, 2015, to December 31, 2015, is $23,959.38. Dkt. 32, ¶ 3. Plaintiffs should explain how they arrived at the amount of $23,959.38 and cite exact pages in their exhibits to support their calculation. If somewhere in the exhibits there is evidence that supports plaintiffs' claim of damages, then it is incumbent upon plaintiffs to indicate where they are. The court will not enter judgment until plaintiffs establish that they are entitled to the amount of damages they demand.

ORDER

IT IS ORDERED that:

1. Plaintiffs North Central States Regional Council of Carpenters Defined Benefit Pension Fund, Jerry Shea, and North Central States Regional Council of Carpenters' motion for default judgment as to defendant Champion Steel, Inc., Dkt. 11, is DENIED without prejudice.

2. Plaintiffs' motion for default judgment as to defendant Mike Clark, Dkt. 17, is DENIED without prejudice.

Entered November 1, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge